PHILIP OLIVARI

*vs.*

ROSA OLIVARI

Superior Court          Fairfield County          File No. 64391

MEMORANDUM FILED JULY 7, 1942.

*Julius N. Smith,* of Bridgeport, for the Plaintiff.

Memorandum in action for divorce.

O'SULLIVAN, J.   This action seeking a decree of divorce was instituted on February 18, 1942, a date subsequent to that on which a state of war was declared to exist between the Kingdom of Italy and the United States of America. The defendant is described as "formerly of the City of Genoa, Country of Italy, Europe, now of parts unknown."   But it is reasonable to believe that she still remains in Italy.   Two orders were issued whereby notice of the pendency of the action was published in a Bridgeport newspaper on February 19, 20 and 21, and on April 14.

The purpose of an order of notice is to give a defendant a reasonable opportunity to learn of the pendency of an action in which his or her jural rights may be affected.   In view of the state of war, any notice such as those given in the present case cannot be deemed reasonable.   The service of notice by publication in this country was in fact a nullity, where the defendant, as in this case, is both physically unable to enter this country or communicate by letter or otherwise with an attorney and prohibited by the laws of war from so doing. *Dean vs. Nelson,* 10 Wall. 158.   In a number of cases arising during the last war, it has been held that no proceedings should be had in any such action, except such as may be necessary to preserve the security and rights of the parties in *statu quo,* until by reason of the restoration of peace it again

becomes possible for the defendant adequately to present his defense.   *Watts, Watts & Co. vs. Unione Austriaca di Navigazione,* 248 U.S. 9; *City Nat. Bank. of Selma vs. Dresdner Bank of Bremen,* 255 Fed. 225; *Matter of Henrichs,* 180 Cal. 175, 179 Pac. 883.   *See, also, Anno.* 3 A.L.R. 327.

Under the circumstances, the hearing must result in a mistrial.   While I shall pass no order as to the following effect, it seems to me that the action should remain dormant until peace with Italy is declared, at which time an order of notice should be requested which will give the defendant a more reasonable opportunity to learn of the pendency of this action than resulted from the orders heretofore given.